# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| AMAL MANSOUR, | * |
| Plaintiff, | * |
| v. | *  Case No.: PWG-17-2440 |
| KMART CORPORATION, INC., | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Amal Mansour filed suit, alleging that her former employer, Kmart Corporation, Inc. ("Kmart"), subjected her to a hostile work environment and caused an intentional infliction of emotional distress, falsely imprisoned her, and terminated her employment based on her national origin and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Compl., ECF No. 1. Kmart seeks to dismiss the complaint and compel arbitration based on its allegation that the parties entered into an arbitration agreement ("Arbitration Agreement") when Mansour's employment commenced. Def.'s Mot. to Dismiss Compl. & Compel Arbitration, ECF No. 17.[1] As Plaintiff sees it, the Arbitration Agreement is not valid because she never received a copy of it or assented to its terms in Kmart's online employee portal. Because I must treat Defendant's motion to dismiss the complaint as a motion for summary judgment, and a genuine dispute exists as to the validity of the Arbitration Agreement, I will deny the motion. The motion to compel arbitration is denied without prejudice

---

[1] The parties fully briefed this motion. *See* ECF Nos. 17-1, 20, 23. A hearing is not necessary. *See* Loc. R. 105.6.

to being resubmitted on request, as this case will proceed with limited discovery (followed by a renewed summary judgment practice or trial, depending on what is revealed by the limited discovery) on whether or not the plaintiff in fact agreed to arbitrate this dispute.

## **Standard of Review**

Defendant moves to dismiss the complaint and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.[2] Congress enacted the FAA "to promote the enforceability of arbitration agreements and to make arbitration a more viable option to parties weary of the ever-increasing 'costliness and delays of litigation.'" *Saturn Distribution Corp. v. Williams*, 905 F.2d 719, 722 (4th Cir. 1990) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess. 2 (1924) (quotation marks omitted))). It "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). If an issue is "'referable to arbitration under an agreement in writing for such arbitration,'" then a stay is mandatory and a motion to compel must be granted. *Id*. (quoting 9 U.S.C. § 3).

Relevantly, "'even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.'" *Adkins*, 303 F.3d at 501 (quoting *Arrants v. Buck,* 130 F.3d 636, 640 (4th Cir. 1997)). Here, Plaintiff challenges the very existence of the Arbitration Agreement, rather than its scope, insisting that she never agreed to its terms and, alternatively, that the Agreement is unconscionable, given its fee sharing provisions. *See* Pl.'s Opp'n 1, 5–6. As both parties acknowledge, when a party moves to compel

---

[2] Defendant asserts that "[t]he validity of an arbitration agreement is governed by the Federal Arbitration Act," Def.'s Mem. 4, and Plaintiff does not argue to the contrary, *see* Pl.'s Opp'n 2.

2

arbitration and the validity of the purported arbitration agreement between the parties is disputed, the motion is treated as one for summary judgment. *See Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011); *see also id.* at 252 n.5 ("If the parties dispute the existence of an arbitration agreement, the court must 'hear the parties' on the issue, and the party alleged to have violated the arbitration agreement is entitled to a jury trial on the existence of an agreement. Standard summary judgment rules apply." (quoting 9 U.S.C. § 4 and citing *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 684 n.1 (D. Md. 2004))). Therefore, I will treat Defendant's motion as one for summary judgment on the validity of the Arbitration Agreement. *See id.*; *see also* Fed. R. Civ. P. 12(d) (requiring conversion of motion to dismiss to motion for summary judgment where, as here, movant attaches affidavits in support that are not integral to the pleadings).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). The question here is "whether a contract to arbitrate was formed," and "unless there is no genuine issue of fact as to whether a contract was formed, the court must submit the question to the jury." *Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014). To determine whether an arbitration agreement exists, "[c]ourts apply 'ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (internal quotation marks and citations omitted)).

**Discussion**

Under Maryland law,[3] a contract exists where there is "'mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)). Here, the parties dispute whether Plaintiff accepted the Arbitration Agreement. Kmart contends that

> Plaintiff cannot dispute that she agreed to arbitrate her claims. All requirements are met. Kmart's mutual promise to arbitrate any claims arising out of Plaintiff's employment constitutes sufficient consideration under Maryland law. Hill, 412 F.3d at 544 (adequate consideration for arbitration agreement exists where both parties were required to arbitrate). Additionally, mutual assent exists because Kmart offered to be mutually bound to an alternate dispute resolution process by disseminating the Arbitration Agreement and related materials to Plaintiff in or around October 2014, and on December 13, 2014, Plaintiff accepted Kmart's offer both expressly (by electronically acknowledging consent) and implicitly (by continuing her employment and opting not to revoke her acceptance of the Arbitration Agreements).

Def.'s Mem. 8–9. Specifically, Kmart's contention is that it provided Ms. Mansour the Arbitration Agreement in its online employee portal and she clicked through the various prompts to receive and acknowledge it and did not file a notice opting out of the agreement. *Id.* at 3, 9.

In support, Defendant attached a declaration from Laura A. Novak, the Manager of Administrative Operation in the Legal Department of Sears Holding Management Corporation, to which are attached the Arbitration Agreement, Novak Decl. Ex. A, ECF No. 17-3, as well as screenshots of the online employee portal, Novak Decl. Ex. B, ECF No. 17-4; Plaintiff's alleged acceptance of the agreement ("Acceptance Screenshot"), Novak Decl. Ex. C, ECF No. 17-5; and a screenshot allegedly demonstrating Plaintiff did not opt-out of the agreement ("Opt-Out Screenshot"), Novak Decl. Ex. D, ECF No. 17-6. According to Ms. Novak, Ms. Mansour

---

[3] The parties agree that Maryland law applies. *See* Def.'s Mem. 8; Pl.'s Supp. Opp'n 3.

"participated in online training and acknowledged receipt of the Arbitration Agreement using Kmart's 'My Personal Information' ("MPI") online portal." Novak Decl. ¶ 7. To do so, "[e]mployees log into the MPI portal using a unique Enterprise ID and Password. Once logged into the MPI portal, employees may print any documents or pages viewed in the portal using Kmart-owned equipment and supplies and at no cost to the employee." *Id.* ¶ 8.

> [U]pon opening the link to acknowledge the Arbitration Agreement, the employee is presented with four additional links, labeled: (i) "Arbitration Policy/Agreement (PDF);" (ii) "Arbitration Policy/Agreement (Text);" (iii) "Opt Out Form: Action is required to protect your legal rights to sue the Company in court and/or to participate in any way in a class action, collective action or representative action;" and (iv) "Acknowledge receipt of the Arbitration Policy/Agreement. . . ."
>
> Upon clicking on the acknowledgement link, the employee receives the following message:
>
>> By clicking below, I acknowledge that I have reviewed and agree to the terms and conditions set forth in the Arbitration Policy/Agreement. I also understand that I may change my mind and opt out of the Agreement within 30 days of today's date by returning the Arbitration Policy/Agreement Opt Out form located at the end of the Agreement.

*Id.* ¶¶ 9, 11. According to Ms. Novak, Ms. Mansour "received and reviewed" the Agreement in October 2014 and acknowledged receipt "by clicking 'Yes' and 'Submit' on the Agreement's acknowledgement page on December 13, 2014." *Id.* ¶ 18; *see also* Acceptance Screenshot.

Ms. Mansour opposes the motion, insisting that she never "completed the arbitration forms" and that the "only evidence that Kmart provide[d] is a screen shot with the name Amal Mansour[,] Course titled Arbitration Policy/Agreement and a block that says 'acknowledged.' Nowhere on Exhibit C does it show that Mrs. Mansour signed the form or agreed to the arbitration agreement." Pl.'s Opp'n 4. She stated in a supporting declaration that she "did not complete any arbitration forms"; she does "not remember completing or signing any forms about arbitration or [her] right to go to court"; and that she "was never given the forms, nor did she

complete them." Mansour Decl. ¶¶ 2–4. Ms. Mansour also declared that she did not know what an arbitration clause is" and that she "did [not] recognize the screen shots that [her] attorney showed [her] about the arbitration forms." *Id.* ¶¶ 9, 15. Additionally, Ms. Mansour states that she had difficulties with English, *id.* ¶¶ 5, 12–14, and argues that because of this difficulty, Kmart may have completed the employment forms on their own out of ease or may have "forgot[ten] to have Mrs. Mansour complete them at all." Pl.'s Opp'n 4. Ms. Mansour relies predominately on *Whitten v. Apria Healthcare Grp., Inc.*, where I denied a motion to enforce arbitration—at a similar stage as here—because the plaintiff insisted she never entered into the alleged agreement and that plaintiff questioned the authenticity of the defendant's system and evidence derived from it that allegedly demonstrated that she had agreed to the policy. No. PWG-14-3193, 2015 WL 2227928, at *3–4 (D. Md. May 11, 2015).

In reply, Kmart argues that courts have "found valid and enforceable arbitration agreements exist event where a plaintiff submits a declaration disputing the validity of the electronic signature." Def.'s Reply 2 (citing, *inter alia*, *Uddin v. Sears, Roebuck & Co.*, 13-cv-6504, 2014 WL 1310292 (D.N.J. Mar. 31, 2014); *Jackson v. Univ. of Phoenix, Inc.*, No. 5:13-cv-736-BO, 2014 WL 672852, at *1 (E.D.N.C. Feb. 20, 2014); *Morgan v. United Healthcare Servs., Inc.*, No. 1:12-cv-676-HJW, 2013 WL 1828940, at *3 (S.D. Ohio Apr. 30, 2013)). Kmart also argues that *Whitten* is distinguishable because Ms. Mansour's declaration is "a far cry from the declaration involved in *Whitten*." Def.'s Reply 3. Specifically, Kmart asks the Court to weigh the credibility of Ms. Mansour's statements in her declaration and to find that they are deserving of less weight than the evidence it has presented. *See id.*

However, to do so would be improper. As a motion to compel arbitration is construed as a motion for summary judgment, it is not for the Court to weigh the strength or credibility of the

evidence but to "review the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Balt. City Bd. of Sch. Comm'rs*, No. RDB 12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). It is for Kmart to demonstrate that "there is no genuine dispute as to any material fact and the [it] is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Baldwin*, 714 F.3d at 833.

Plaintiff's acceptance of the Arbitration Agreement is a material fact. *Whitten*, 2015 WL 2227928, at *4 (citing *Spaulding*, 714 F.3d at 777). On the record before me, a genuine dispute exists regarding this fact, as Defendant provides evidence of Plaintiff's acceptance of the Arbitration Agreement, and Plaintiff questions the reliability[4] of some of that evidence and provides evidence that she was never provided it and did not accept it. Without discovery relating to the events surrounding Plaintiff's alleged use of the Defendant's online orientation procedures (which included responding to prompts relating to the arbitration agreement), using unique identifying information applicable only to her, I cannot conclude on the record before me that the employer is entitled to arbitrate as a matter of law. *See* Fed. R. Civ. P. 56(a); *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 252 n.5 (D. Md. 2011). Therefore, Defendant's motion to dismiss the complaint, treated as one for summary judgment, is denied, without prejudice to it being renewed following discovery. This case will proceed with limited discovery regarding the online system used by the Defendant as part of the orientation of new employees, and the procedures used to insure the accuracy of the identity of the person accessing the system, as well as regarding the Plaintiff's recollection of her actions or inactions with respect to this

---

[4] In essence, Ms. Mansour challenges the authenticity of Kmart's software program and seeks discovery to determine whether the documents produced by it and relied upon by Defendant in its motion were the product of a system or process capable of producing reliable results. *See* Fed. R. Evid. 901(b)(9).

procedure, and her ability to understand the instructions and content of the written materials in the orientation.  Thereafter, if the Defendant is of the view that the limited discovery does not create a dispute of material fact regarding the validity of the Arbitration Agreement, it may renew its motion.  If the Plaintiff establishes that there still is a material dispute of fact, I will hold a jury trial to determine this discrete matter of fact.  *See Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014); *Rose*, 816 F. Supp. 2d at 252 n.5.  Defendant's motion to compel arbitration is denied without prejudice to being resubmitted as explained above.[5]  *See Rose*, 816 F. Supp. 2d at 252 n.5.  I stress that the discovery that will be permitted will be limited, and is to be conducted as expeditiously and inexpensively as possible.  Fed. R. Civ. P. 26(b)(1).  Counsel are directed to meet in person to develop a discovery plan, which they will provide to the court for approval within 30 days of this order.

**ORDER**

Accordingly, it is, this 24th day of July, 2018, hereby ORDERED that

1. Defendant's Motion to Dismiss Complaint, ECF No. 17, treated as a motion for summary judgment, IS DENIED;

2. Defendant's Motion to Compel Arbitration, ECF No. 17, IS DENIED WITHOUT PREJUDICE to being resubmitted upon completion of the above ordered discovery;; and

3. Counsel are to confer and to propose jointly by August 24, 2018, a discovery plan as directed above.  Toward this end, I am issuing my Standard Discovery Order so that

---

[5] Because I have found a dispute of material fact that precludes me from compelling arbitration, I need not address whether the alleged agreement is unconscionable.

counsel may be guided by it as they discuss the limited scope of discovery that I have ordered.

/S/
Paul W. Grimm
United States District Judge

jml